JOSEFINA SANTIAGO, demandante y recurrente, *v.* PROFESSIONAL HOSPITAL, INC., y GREAT AMERICAN INS. CO., demandadas y recurridas.

*Número:* R-67-352      *Resuelto:* 23 de junio de 1969

*Jesús Hernández Sánchez,* abogado de la recurrente; *Rieckehoff, Calderón, Vargas & Arroyo,* abogados de las recurridas.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

### SENTENCIA

Las siguientes son las conclusiones de hecho que hizo la Sala sentenciadora al dictar la sentencia que declaró sin lugar la demanda de daños y perjuicios objeto de este recurso.

"1.—Professional Hospital, Inc. es una corporación debidamente autorizada para hacer negocios en Puerto Rico. Como su nombre indica, opera un hospital en el edificio conocido como Professional Building, en la Avenida De Diego, Parada 22, Santurce, P.R.

2.—Great American Insurance Co. es una compañía de seguros debidamente autorizada para hacer negocios en Puerto Rico. Para la fecha que ocurrieron los hechos que más adelante se relatan había expedido la correspondiente póliza de seguro cubriendo la responsabilidad civil en que pudiese incurrir Pro-

fessional Hospital, Inc. en la operación y explotación del hospital antes mencionado.

3.—Josefina Santiago es una enfermera auxiliar. Con anterioridad al 5 de junio de 1961 prestaba servicios como enfermera en la Sala de Operaciones del Professional Hospital. En dicha fecha, y al mover a un enfermo, sufrió una lesión en la columna vertebral. Fue hospitalizada en el propio Professional Hospital por cuenta del Fondo del Seguro del Estado y bajo la supervisión de los médicos de esa dependencia gubernamental.

4.—Para la fecha antes indicada existía un contrato de servicios entre el Fondo del Seguro del Estado y el Professional Hospital, Inc. En virtud de dicho contrato el Fondo del Seguro del Estado arrendó el noveno el décimo piso del edificio Professional Building. En ese espacio arrendado se hospitalizaban aquellos obreros lesionados a quienes el Fondo venía obligado a suplir servicios de hospitalización. Bajo los términos del contrato la aquí demandada se obligaba a prestar el servicio de enfermeras y de limpieza. También venía obligada a facilitar otros servicios tales como sala de operaciones, servicios de laboratorio, etc.

5.—La demandante fue ingresada por órdenes del Fondo del Seguro del Estado al Professional Hospital el día 5 de junio de 1961. Su médico lo era el Dr. Cabrera, quien era un empleado del Fondo del Seguro del Estado. De acuerdo con el contrato al cual antes hemos hecho referencia el servicio de enfermeras lo suplía el Professional Hospital, Inc.

6.—Desde su ingreso en el hospital la paciente se quejaba de fuertes dolores. Gritaba noche y día. Las enfermeras del hospital se acercaron en diversas ocasiones al Dr. Cabrera y a las oficinas del Fondo solicitando calmantes para el dolor que sufría la demandante. El Dr. Cabrera se negó a prescribirlos y el Fondo no suministró medicina alguna para calmarle el dolor. Aunque en el récord de la paciente el médico no dispuso que se le administrasen calmantes, las enfermeras que la atendían con frecuencia le dieron a tomar aspirinas. El efecto de estos calmantes era mínimo y la demandante continuaba quejándose a gritos.

7.—Durante su larga hospitalización la demandante no dio signos de tratar de escapar de su cuarto ni tampoco hay prueba de que en momento alguno estuviese delirante.

8.—En la noche del 1ro. de julio de 1961 la demandante escapó de su cuarto, corrió hacia la escalera interior y cayó por ella. Como consecuencia de la caída perdió el conocimiento y su condición vertebral se vio agravada."

En sus conclusiones de derecho la Sala sentenciadora expresó también lo siguiente:

"Aunque la demandante en este caso estaba muy adolorida, no hay nada en la prueba que indique que estuviera delirante o que hubiese amenazado con escapar o tratado de hacerlo con anterioridad. Bajo tales circunstancias la demandada no estaba obligada a tomar medidas especiales para asegurarse que la paciente no abandonaría la cama. Ello es especialmente así si se considera que la lesión de la demandante era en la columna vertebral y el moverse de un sitio a otro le era especialmente doloroso y difícil."

La recurrente pretende sostener su derecho a ser compensada bajo lo dictaminado por este Tribunal en *Hernández* v. *La Capital,* 81 D.P.R. 1031 (1960). La recurrente no ha elevado la transcripción de la prueba oral que desfiló en el caso, por lo cual no está en disputa la corrección de las conclusiones de hecho de la Sala sentenciadora. Por esas conclusiones, y del resumen que hacen las propias partes en sus alegatos de la prueba oral, este caso, en sus circunstancias, es distinguible del de *Hernández* v. *La Capital,* antes mencionado.

La recurrente se hallaba en condiciones en que no podía moverse por sí misma y sin ayuda de otros, ni aun para sus más inmediatas necesidades. Habiendo concluido la Sala sentenciadora que no se hallaba en estado de delirio, si bien se quejaba, la prudencia no requería una atención especial o extraordinaria de enfermeras para que no realizara el acto que realizó. Del récord surge que las enfermeras requirieron al médico de cabecera de la recurrente, funcionario del Fondo del Seguro del Estado, que ordenara el suministro de calmantes para la recurrente, lo cual no hizo.

Se confirma la sentencia dictada por la Sala de San Juan del Tribunal Superior en 31 de octubre de 1967 que declaró sin lugar la demanda de daños.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*